NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CECILIA ORNELAS; VINCENT
ORNELAS,

                Plaintiffs-Appellants,

  v.

DP INVESTMENTS; et al.,

                Defendants-Appellees.

No.   19-56071

D.C. No.
2:19-cv-03035-R-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted August 10, 2020[**]
Pasadena, California

Before:  CALLAHAN and BUMATAY, Circuit Judges, and M. WATSON,[***]
District Judge.

      Plaintiffs Cecilia and Vincent Ornelas appeal from the district court's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

dismissal of their claims against the City of Goleta ("Goleta") under Federal Rule of Civil Procedure 12(b)(6) and the court's order dismissing their state-law claims against DP Investments, Dario Pini, and DLP Management Co. ("DP Defendants") after declining to exercise supplemental jurisdiction. We review an order granting a motion to dismiss under Rule 12(b)(6) de novo. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We review a district court's decision about whether to exercise supplemental jurisdiction over state-law claims for abuse of discretion. *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1165 (9th Cir. 2002). We affirm both of the district court's orders.

1.      Plaintiffs' sole federal claim is a 42 U.S.C. § 1983 claim against Goleta for an alleged violation of their Fourteenth Amendment Due Process rights. As the basis of the federal claim, Plaintiffs allege that Goleta failed to evaluate whether Plaintiffs were entitled to relocation benefits under California law. *See* Cal. Health & Safety Code §§ 17975, 17980.6. Plaintiffs also assert state law claims premised on the same allegation. We need not wade deep into Plaintiffs' Due Process claim since it is based entirely on an alleged deprivation of state statutory benefits that are not available to Plaintiffs.

Plaintiffs contend that they were entitled to, but improperly denied, statutory relocation benefits after the city sent a letter to their landlord alleging a zoning-law violation and ordering that Plaintiffs' residence be immediately vacated as an

unpermitted, second residential unit. But the plain language of the California statute is fatal to Plaintiffs' claims. It explicitly provides that tenants are eligible for relocation benefits only when the violation at issue is "of such a nature that the immediate health and safety of the residents is endangered." Cal. Health & Safety Code § 17975. Here, the violation had nothing to do with the health and safety of the residents. Goleta ordered that the unit be vacated because it was zoned for use as a single-dwelling home but had been divided into two separate residential units without the requisite permits. Plaintiffs offer no California case interpreting § 17975 to allow relocation benefits for an order to vacate of the type at issue here. And we will not adopt a novel reading of state law that conflicts with the plain language of the statute.[1] Accordingly, the district court properly dismissed all of Plaintiffs' claims against Goleta for failure to state a claim.

2. Having dismissed Plaintiffs' sole federal-law claim at an early stage of the litigation, the district court properly declined to exercise supplemental jurisdiction over Plaintiffs' state-law claims against DP Defendants. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (when "all federal-law claims

---

[1] Plaintiffs argue that because state law authorizes the city to issue a vacation order only in cases where the health and safety of the residents is endangered, the city's order must *necessarily* mean that the violation giving rise to the order implicated their health and safety. We disagree. There are no factual allegations that Plaintiffs' health and safety was actually endangered, and the city's letter references only a technical zoning violation.

3

are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will [usually] point toward declining to exercise jurisdiction over the remaining state-law claims").

**AFFIRMED.**